IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| GUADALUPE R. MOLINA JR. and | § | |
| JENNIFER ANN MOLINA | § | |
| | § | |
| Appellants | § | |
| | § | |
| v. | § | No. SA-14-CA-926 |
| | § | |
| DEBORAH B. LANGEHENNIG, | § | |
| Trustee | § | |
| | § | |
| Appellee | § | |
| | § | |

## MEMORANDUM OPINION

This is an appeal from an order of the United States
Bankruptcy Court for the Western District of Texas confirming a
Chapter 13 Plan.  This Court has appellate jurisdiction under 28
U.S.C. § 158(a).  The Appellants are the Debtors in the underlying
bankruptcy proceeding filed under Chapter 13 of the Bankruptcy
Code.  The Appellee is the Chapter 13 Trustee.  The proceeding
below is a core proceeding.  In reviewing an order of the
Bankruptcy Court in a core proceeding, this Court functions as an
appellate court, applying the standard of review generally applied
in federal courts of appeal.  **Webb v. Reserve Life Insurance
Company,** 954 F.2d 1102 (5th Cir. 1992).  The bankruptcy court's
findings of fact are reviewed for clear error, and its conclusions
of law are reviewed *de novo*.  **In re Morrison,** 555 F.3d 473, 479
(5th Cir. 2009).

The following facts are established by the record: On April

30, 2014, Appellants Guadalupe and Jennifer Molina ("the Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code. The Debtors later sought bankruptcy court confirmation of a plan that contemplated payment of allowed claims of all unsecured creditors over a period of five years (a "100% plan"). On June 19, 2014, the Trustee filed an objection to confirmation of the proposed plan, contending that the Debtors' proposed plan failed to meet the requirements of 11 U.S.C. § 1325. The thrust of the Trustee's objection was that the Debtors' proposed monthly payment was significantly less than their monthly disposable income, and that it was unfair to force the unsecured creditors to wait five years to receive full payment of their claims, and with no interest on the amount claimed.

The Trustee's objection to the proposed plan required the Bankruptcy Court to hold a hearing. Bankruptcy Judge King held the hearing on August 7, 2014. At the hearing, the Trustee requested that in the event that Judge King confirmed the proposed payment plan, the following language be included in the confirmation order:

> The Plan as currently proposed pays a 100% dividend to unsecured claims. The Debtors shall not seek modification of this Plan unless said modification also pays a 100% dividend to unsecured claims. Additionally, should this Plan ever fail to pay a 100% dividend to unsecured claims, the Debtors will modify the Plan to continue paying a 100% dividend. If the Plan fails to pay all allowed claims in full, the Debtors will not receive a discharge in this case.

Transcript of confirmation hearing, pages 20-21. Counsel for the Debtors objected to the inclusion of the language requested by the Trustee. However, on August 20, 2014, Judge King entered his order

confirming the plan with that language included.   The Debtors timely filed a notice of appeal.

A bankruptcy court is authorized to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.   11 U.S.C. § 105(a).   The equitable powers granted bankruptcy judges by this statute must, of course, be exercised in a manner consistent with the Bankruptcy Code.   **In the Matter of Sadkin**, 36 F.3d 473, 478 (5th Cir. 1994). In this case, Judge King acted in a manner consistent with the Code, and calculated to further its objectives.

Counsel for the Debtors contends that so long as their Chapter 13 Plan met the preconditions of Section 1325(a), the bankruptcy judge had a non-discretionary, ministerial duty to confirm it. Even if counsel is correct, however, his argument ignores the fact that the Debtors' proposed plan was in fact confirmed.   In other words, the Debtors were granted all the relief they requested, to wit: confirmation of their Chapter 13 Plan.   The disputed language did not deny confirmation; it merely established some ground rules for future conduct on the part of the Debtors. Although their counsel may consider this guidance to be out of place and inappropriate, it may serve a salutary purpose in impressing upon the individual Debtors the importance of compliance with all requirements of their confirmed plan if they desire a discharge.

The bankruptcy court did not abuse its discretion or exceed its equitable powers when it included the disputed language in the

confirmation order.  Accordingly, the order of the bankruptcy court should be affirmed.

It is therefore ORDERED that the order of Judge King dated August 20, 2014, confirming the Chapter 13 Plan in this case be, and it is hereby, AFFIRMED.

SIGNED AND ENTERED this ___10th___ day of December, 2015.


HARRY LEE HUDSPETH

SENIOR UNITED STATES DISTRICT JUDGE